■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD LEDERER, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered December 29, 1958, after a jury trial, convicting him of robbery in the first degree, assault in the second degree and petty larceny (Penal Law, §§ 242, 1298, 2124), and sentencing him to serve an indeterminate term of not less than 10 nor more than 12 years on the robbery count and suspending sentence on the other counts. Judgment affirmed. (*People v. Watson*, 216 N. Y. 565; Code Crim. Pro., § 542.) Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ ALPHONSE RUSSO et al., Appellants, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendant.— In an action to recover damages for personal injuries, plaintiffs appeal from so much of an order of the Supreme Court, Kings County, entered September 14, 1959, as denied their motion to amend a prior order so as to permit them to examine the defendant Transit Authority with respect to its notice of the activities of youths at and above the *locus in quo* for a period of six months prior to the date plaintiffs were injured. Plaintiffs claim that, while riding in an automobile on a public thoroughfare at a place where the Transit Authority maintains an overpass, they were struck and injured by a rock or similar missile thrown by youths who were upon the Authority's right of way. By the order appealed from the prior order for the Authority's examination was amended to permit inquiry primarily into "prior similar accidents occurring under similar conditions" during said six-month period. The order appealed from is modified by adding thereto the following: (a) one decretal paragraph directing the Transit Authority, by its employees previously designated in the order, to submit to examination as to its notice and knowledge of the alleged activities of youths on its overpass, right of way and adjacent embankment in the vicinity of the place where the plaintiffs were injured, for a period of six months prior to the occurrence claimed to have caused the injuries; and (b) another decretal paragraph directing that the examination hereby ordered shall proceed on a date to be agreed upon by the parties or, in the event of their failure to agree, on a date fixed by plaintiffs which shall be at least twenty days after the service of a notice fixing the date. As so modified, the order insofar as appealed from is affirmed, with $10 costs and disbursements to plaintiffs. In our opinion, the amendment of the prior order unduly limited plaintiffs' right of examination. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.